# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THOMAS BENSON and LYNN BENSON, | Case No. 2:19-cv-00727-RFB-BNW |
| Plaintiffs, | **ORDER** |
| v. | |
| MIKELLE CIERI; NEVADA DEPARTMENT OF FAMILY SERVICES; and CANDACE SAIP *in her individual capacity*; | |
| Defendants. | |

## I. INTRODUCTION

Before the Court are Plaintiffs Thomas Benson and Lynn Benson's application for leave to proceed in forma pauperis and two motions for preliminary injunctions. ECF Nos. 1, 5, 6. For the following reasons, the Court denies all motions and applications.

## II. PROCEDURAL BACKGROUND

Plaintiffs sued Defendants and moved for leave to proceed in forma pauperis on April 29, 2019. ECF Nos. 1, 1-1. Plaintiffs now move for a preliminary injunction, filing two separate motions for the same relief. ECF Nos. 5, 6.

## III. FACTUAL BACKGROUND

Plaintiffs allege that the Nevada Department of Family Services took custody of Plaintiffs' minor child in July 2017 after Plaintiff Thomas Benson was arrested in his home, leaving the minor child with two other adults at the home. The Family Division of the Eighth Judicial District Court

of Nevada held a hearing in October 2018. At the hearing, Plaintiffs challenged whether the court had jurisdiction. The court, however, found that it had jurisdiction and considered the placement of the minor child.

## IV. LEGAL STANDARD

### a. Screening Standard

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

/ / /

Review under Rule 12(b)(6) is essentially a ruling on a question of law. See Chappel v. Lab. Corp. of America, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. See Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. See Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. Id.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." Id. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). Neitzke v. Williams, 490 U.S. 319, 327 – 28 (1989); see also McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

### b. Preliminary Injunction

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council,

Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. 7, 20 (2008)). A preliminary injunction may also issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine post-Winter). According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other Winter elements. Id. at 1134–35 (citation omitted).

## V. DISCUSSION

As a preliminary matter, Plaintiffs have failed to comply with 28 U.S.C. § 1915(a)(2) and with Local Rule LSR 1-2, which requires any application to proceed in forma pauperis to include an inmate account statement and a financial certificate. Further, the complaint is signed only by Plaintiff Thomas Benson, but alleges to be on behalf of both plaintiffs. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, the Court strikes the complaint in its entirety as to any claims alleged only by Plaintiff Lynn Benson. Fed. R. Civ. P. 11(a) ("Every pleading . . . must be signed . . . by a party personally if the party is unrepresented . . .[t]he court must strike any unsigned paper unless the omission is promptly corrected.").

Plaintiffs seek to enjoin a family court proceeding before the Nevada state court, arguing the family court lacks jurisdiction. Plaintiffs allege the following constitutional violations:

First, Plaintiffs allege a Sixth Amendment violation of Plaintiff Lynn Benson's right to counsel due to the family court hearing master's refusal to allow a non-attorney to represent Lynn Benson at a hearing on October 3, 2018. Plaintiffs also allege a Sixth Amendment violation of Plaintiff Lynn Benson's right to a jury trial and a First Amendment violation against Defendant Mikelle Cieri for accusing Plaintiff Lynn Benson of "threats and harassment" to Plaintiffs' minor

child "by using scripture and the fear of God." Plaintiffs also allege a loss of consortium claim against Defendants because Plaintiff Lynn Benson may only speak with the minor child once a week. Plaintiffs further allege that Defendant Cieri's refusal to send the minor child to stay with relatives in the Philippines violates "[Plaintiff's] right to be secure in her property—[minor child]- and in violation of international law." Plaintiffs further allege that they have experienced denial of their parental liberties, which the Court construes to be a substantive due process claim. Plaintiffs also allege as part of their substantive due process claim that Defendant Candace Saip has brought fraud upon the Court because she has not proved that the family court has jurisdiction.

### a. Sixth Amendment Right to Counsel

The Court strikes this claim as it is made only on behalf of Plaintiff Lynn Benson, who has not signed the complaint pursuant to Rule 11. The Court also notes that there is no Sixth Amendment right to counsel in family court proceedings in which a party's liberty is not at stake. Lassiter v. Dep't Soc. Serv., of Durham Cty., N.C., 452 U.S. 18, 25 (1981).

### b. Sixth Amendment Right to Jury Trial

The Court strikes this claim as it is made only on behalf of Plaintiff Lynn Benson, who has not signed the complaint pursuant to Rule 11. The Court also notes that neither the United States Constitution nor the Nevada Constitution guarantee a right to a jury trial in termination of parental rights proceedings. In re Parental Rights as to M.F., 371 P.3d 995, 997–1000 (Nev. 2016).

### c. First Amendment Violation

The Court strikes this claim as it is made only on behalf of Plaintiff Lynn Benson, who has not signed the complaint pursuant to Rule 11.

### d. Loss of Consortium

The Court strikes this claim as it is made only on behalf of Plaintiff Lynn Benson, who has not signed the complaint pursuant to Rule 11.

### e. Substantive Due Process

Finally the Court addresses Plaintiffs' substantive due process rights claim. Parents have a substantial due process liberty interest in the "companionship, care, custody and management" of their children. Brittain v. Hansen, 451 F.3d 982, 992 (9th Cir. 2006) (internal citations omitted).

To allege a substantive due process claim, a party must allege facts showing that an officer acting under color of law acted in some way to "shock the conscience." Id. at 991.

Plaintiffs allege that Defendants violated their liberty interests in access to their child by failing to prove that the state court had jurisdiction over the family court proceeding and by refusing to allow their minor child to stay with relatives in the Philippines. The Court dismisses this claim because Plaintiffs have not alleged that this conduct shocked the conscience, or that it was "intended to injure in some way unjustifiable by any government interest." Id. (citing Cty. of Sacramento v. Lewis, 523 U.S. 833, 849 (1998)).

Because the Court has dismissed all claims in this case, all of Plaintiff's motions are denied.

## VI. CONCLUSION

**IT IS ORDERED** that Plaintiffs' Motion/Application for Leave to Proceed in Forma Pauperis is DENIED.

**IT IS FURTHER ORDERED** that Plaintiffs' Motions for Injunction (ECF Nos. 5 and 6) are DENIED

**IT IS FURTHER ORDERED** this matter is dismissed without prejudice.

The Clerk of the Court is instructed to close the case.

DATED: October 4, 2019.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**